UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. _____ |
| | : | |
| | : | |
| SWC GROUP LP | : | |
| | : | |
| Defendant. | : | |

COMES NOW YOUR PLAINTIFF Jessica Brown and files her Complaint for Damages against the Defendant named above and shows the following:

**I.   Introduction**

1. SWC Group, LP sought to collect a consumer debt from Jessica Brown alleging Brown owed the sum $240.36 for a Verizon account.

2. Jessica Brown never opened or was responsible for the alleged Verizon account, nor was she responsible for the alleged SWC Group, LP account.

3. Defendant's actions are abusive debt collection practices prohibited by federal law, specifically the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 which found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" by debt collectors and those practices "<u>contribute to the number</u>

of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

## II. Parties, Jurisdiction, and Venue

4. Plaintiff is a natural person residing in DeKalb County, Georgia.

5. Defendant is a national company with offices and collection centers in various states but actively collect debts from consumers in the Northern District.

6. Defendant is a Texas Limited Partnership that transacts business in the State of Georgia. Defendant is not authorized to transact business in the State of Georgia but does so nevertheless. Defendant maintains offices at 4120 International Pkwy., Ste. 1100 Carrollton, TX 75007.

7. Summons and Complaint may be served on Defendant by service on Jeff A. Hurt, located at Defendant's registered agent address 4120 International Pkwy., Ste. 1100 Carrollton, TX 75007.

8. Defendant was in fact doing business in this state at all times relevant to this action through their various collection efforts.

9. Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in this judicial district.

10. This Court has subject matter jurisdiction of claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

11. This Court also has supplemental jurisdiction with regard to Plaintiff's state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### III. Law Relevant to Plaintiff's Claims

13. The FDCPA was enacted to protect individuals from abusive debt collection practices because Congress found such practices were rampant in the debt collection industry.

14. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

15. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

16. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

17.   Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

18.   Similarly, Georgia's Fair Business Practices Act ("GFBPA") was enacted to protect the consumer marketplace from false, deceptive, or misleading acts:

> [The purpose of the GFBPA] shall be to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies.
>
> O.C.G.A. § 10-1-391

19.   The GFBPA, O.C.G.A. § 10-1-399(a), provides:

> Any person who suffers injury or damages as a result of . . . consumer acts or practices in violation of this part, . . . or whose business or property has been injured or damaged as a result of such violations may bring an action individually, but not in a representative capacity, against the person or persons engaged in such violations under the rules of civil procedure to seek equitable injunctive relief and to recover his general and exemplary damages sustained as a consequence thereof in any court having jurisdiction over the defendant; provided, however, exemplary damages shall be awarded only in cases of intentional violation. [. . .]

20.   A violation of the FDCPA is a violation of Georgia's Fair Business Practices Act. *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

## IV. Factual Allegations

### The alleged debt is a consumer debt

21.   At all times relevant to this Complaint, Defendant was seeking to collect a debt allegedly owed to Verizon.

22.   The alleged debt was for consumer purposes.

23.   Defendant was acting as a debt collector while attempting to collect the alleged debt.

24.   The alleged debt was in default at the time Defendant acquired the debt and at the time Defendant attempted to collect the alleged debt.

25.   Jessica Brown did not open and was not responsible for the alleged Verizon account

26.   Jessica Brown did not open and was not responsible for the alleged SWC Group LP account.

## V. Damages

27.   Congress enacted the FDCPA to protect consumers from widespread abuse by sophisticated debt collectors.

28.   Plaintiff suffered actual injuries the seek to prevent.

29.   Plaintiff has suffered an injury in fact because her statutory rights have been invaded and because she has actually been confused by Defendant's actions.

30. Plaintiff has Article III standing to bring these claims against the Defendant.

## **Count I – Violations of the FDCPA**

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. By reason of the foregoing, Defendant violated the FDCPA by sending letters containing false representations, misleading representations, and engaging in deceptive means in furtherance of their debt collection business, seeking to collect amounts not authorized by contract or statute, and engaging in unfair and unconscionable acts as described hereinabove, in violation of 15 USC § 1692 *et seq*.

33. Defendant's actions were intended to cause the Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

34. Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

35. Plaintiff is entitled to recover statutory damages in an amount to deter such future conduct by the Defendant in an amount to be determined by the trier of fact but in excess of $500.00.

36. Plaintiff is entitled to recover her attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

## Count II – Violations of the GFBPA

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. By reason of the foregoing, Defendant violated the GFBPA by violating the FDCPA.

39. Defendant's actions harm the consumer marketplace because they unfairly place consumers at a disadvantage.

40. Defendant is liable to the Plaintiff for its violations of the GFBPA.

41. Defendant's violations are willful and intentional authorizing the trebling of damages.

42. Plaintiff is entitled to recover from the Defendant three times her actual and statutory damages.

43. Plaintiff is entitled to recover from the Defendant her attorneys' fees and expenses of litigation.

## Count III - Negligence

44. Paragraphs 1 through 43 are incorporated herein by reference.

45. By reason of the foregoing, Defendant is liable for the negligence of its employees, attorneys, and agents resulting in the Plaintiff's damages as alleged herein.

46. Defendant had various duties under Georgia and federal law to treat the Plaintiff fairly and in a manner that was not abusive.

47. Defendant breached those duties as alleged herein.

48. Defendant's conduct and omissions are the proximate cause of the damages suffered by the Plaintiff in an amount to be determined by the trier of fact.

## **Demand for a Jury Trial**

49. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual and statutory damages in an amount in excess of $500.00;

b) The trebling of actual and statutory damages for Defendant's intentional violations of the GFBPA;

c) The award of costs and reasonable attorney's fees pursuant to the GFBPA, O.C.G.A § 10-1-399(d), and FDCPA in an amount to be proven at trial but in excess of $3,000.00;

d) Pre- and post-judgment interest, if applicable;

e) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted this 13th day of June, 2017.

/s/  Ronald Edward Daniels
Ronald Edward Daniels
Georgia Bar No. 540854

DANIELS LAW LLC
P.O. BOX 1834
Perry, Georgia 31069
Tel. 478-227-7331
ron@dlawllc.com                           ATTORNEY FOR PLAINTIFF

/s/  Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com                    ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

This 13th day of June, 2017.

                                               /s/  Clifford Carlson
                                             Clifford Carlson
                                             Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com          ATTORNEY FOR PLAINTIFF

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA            )
                            ) ss
COUNTY OF DEKALB            )

      Pursuant to 28 U.S.C. § 1746, Plaintiff Jessica Brown, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____June_____ __14th__, __2017__
                 Month             Day      Year

_____
Signature